#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROYAL C. H.,[1] ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 24-2413-JWL |
| LELAND DUDEK,[2] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

#### MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Supplemental Security Income (SSI) benefits pursuant to sections 1602 and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 1381a and 1382c(a)(3)(A) (hereinafter the Act).  Finding no error in the Administrative Law Judge's (ALJ) decision as argued by Plaintiff, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.      Background**

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On February 18, 2025, Mr. Dudek became Acting Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted for Acting Commissioner Michelle King as the defendant.  Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff filed an application for SSI benefits on July 26, 2022.  (R. 22, 200-22). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ "failed to prove by a perponderance [sic] of the evidence that" Plaintiff was "not 'disabled' and therefore unentitled [sic] to Supplemental Security Income."  (Pl. Br. 2).  Additionally, he argues the ALJ erred in his step five evaluation.  Id.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner

assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the parties' briefing in this case.

## II.   Discussion

### A.   The Parties' Arguments

Plaintiff frames the issue in this case:

> At issue is whether the Administrative Law Judge ("ALJ") at step 5 of the SSA evaluation process failed to prove by a perponderence [sic] of evidence that despite the Petitioner having proven at step 4 of the evaluation process that he suffered from substantially limiting physical disabilities, Plaintiff was capable of performing full-time sedentary work and so, not "disabled" and therefore unentitled [sic] to Supplemental Security Income ("SSI").  A finding supported by inaccurate finds [sic] and incomplete query of the vocational expert and her vocational opinions.

(Pl Br. 2).

Plaintiff includes in his brief a section II alleging "Undisputed Facts," "Facts in Dispute," and "Standing, Walking and Sitting."  (Pl. Br. 3-6).  Plaintiff claims the ALJ erred by failing to evaluate properly the medical opinions and prior administrative medical findings and Plaintiff's allegations regarding Plaintiff's ability to sit, stand, and walk.  Id. 6.  He argues the ALJ "only chose to cherry pick the best of each opinion that would lead to a conclusion of a denial of the claim."  Id. 7.  He argues, "the ALJ failed to prove by a preponderance of evidence [(at step 5)] that Plaintiff … was capable of performing sedentary work on a full-time basis."  Id.

Plaintiff attacks the agency's sequential evaluation process which uses vocational experts at step 5, arguing it is trial by ambush which does not allow the claimant to prepare in advance and is based on outdated and obsolete job information.  Id. 8.  He argues:

> Plaintiff contends the hearing procedures utilized by an ALJ are in conflict with the Act and so, the ALJ's decision is [sic] this matte [sic] was against the intentions of the Act and should be set aside.  Given it was the Commissioner of the SSA that created regulations governing the evaluation of SSI disability claims and not the Congress, those elected by the people who enacted the Social Security Act, Title XVI, Supplemental Security Income benefits changes by the Commissioner are not permitted.  And, if the Department has enacted hearing procedure [sic] that is in conflict with that intended with the Congress, then the use of the Commission's hearing procedures would be improper and prejudicial to the Plaintiff.  (Loper Bright Enterprises et al, v. Raimondo, Secretary of Commerce et al., 603 U.S. (2024)), (wherein the Supreme Court overturned the ruling in Chevron and the deference given to government agencies by the Court's [sic] regarding Agencies enacting procedures without Congressional consent.

Id. 9 (quoted exactly as presented in Plaintiff's Brief) (underlines added by the court).

Plaintiff argues the ALJ was testifying when he laid out the premises for his hypothetical question and that his attempt at hypothetical questioning required speculation. (Pl. Br. 10-11). He argues the VE responded that there are three sedentary jobs available: document preparer, information clerk, and addressor. Id. 11. Plaintiff argues error because the record supports that he cannot stand or walk two hours in a workday, must be able to sit with his legs raised, and to lie down during the workday. Id. 11-12.

Plaintiff argues the occupation of a document preparer is obsolete and does not exist in significant numbers. Id. 13 (citing Cunningham v. Astrue, 360 F. App'x 606, 615 (6th Cir. 2010); Czosnowski v. Comm'r Soc. Sec. No. RDB- -13-1467, 2014 (without further identification). He argues the occupation of addressor is antiquated and refers to "someone who addresses by hand or typewriter envelopes, cards, advertising literature packages, and similar items for mailing," and does not exist in significant numbers. Id. (citing Catherine G. v. Comm'r of Soc. Sec., No., 3:20-;cv-05741-BAT, 2021 WL (without further identification).

In his response, the Commissioner states the issue here:

> Plaintiff raises conclusory and unsupported arguments about the Listings; his ability to walk, stand, and sit; and the VE testimony. As such, the threshold question before the Court is whether Plaintiff's arguments are insufficiently developed and thus waived. If Plaintiff's arguments of error have not been waived, the Court [sic] should find that substantial evidence supports the ALJ's decision and affirm.

(Comm'r Br. 5).

The Commissioner argues Plaintiff's brief failed to develop a factual basis to decide in his favor and the court should not speculate or try to find record evidence Plaintiff did not identify. (Comm'r Br. 6-7). He then argues substantial evidence supports the ALJ's findings: that Plaintiff's condition does not meet or equal the severity of the listings; regarding Plaintiff's ability to stand, walk, and sit; and regarding the VE testimony. Id. at 7-12. Considering the ALJ's use of the VE; the Commissioner argues the regulations permit the use of a VE, neither Plaintiff nor his attorney, who represented Plaintiff before the agency and now represents Plaintiff before the court, objected to the VE at the hearing before the ALJ; the hypothetical presented to the VE included all limitations the ALJ assessed in his RFC; the VE testified regarding the current tools and processes used in the occupations of document preparer and addressor, and testified there are more occupations in the economy which an individual with the limitations presented would be able to perform; and the VE responded to each question Plaintiff's counsel had regarding the occupations of document preparer and addressor. Id. 10-12.

In his reply, Plaintiff argues the failure to object to use of the VE at the hearing does not constitute a waiver of objecting to the VE testimony in judicial review. (Reply 1-2). Plaintiff reiterates that the VE testimony at the hearing was erroneous because the occupations of document preparer "(a job used in the process of microfilming of documents – taking pictures of the documents and reducing them to microfilm)" and of addressor "(a job addressing forms by hand)" "are obsolete and so do not exist in today's business setting at least in sufficient numbers." Id. 4. Plaintiff notes that in 2024 the Commissioner responded to complaints "concerning the use of obsolete occupations to

7

deny claimants disability benefits" and announced he would "no longer use 114 occupations found in the Dictionary of Occupational Titles for supporting a 'not disabled' finding, as these jobs are no longer found in significant numbers in the national economy," and that "there were 13 occupational titles that will require further supporting evidence if proposed and used in a 'not disabled' finding."  (Reply 5) (citing Soc. Sec. Updates Occupations List Used in Disability Evaluation Process, Press Release, (SSA June 24, 2024) (available online at Press Release | Press Office | SSA, last visited April 28, 2025).  Plaintiff asserts the 13 restricted occupations include the two occupations at issue here, addressor and document processor and argues the agency now requires "additional evidence in support of a 'not disabled' finding which '… must include or summarize the Vocational Specialist or Vocational Expert's evidence that supports such a conclusion.'"  (Reply 5-6) (quoting without citation).  Plaintiff argues the VE here "did not produce additional evidence to supported [sic] the use of the obsolete jobs used by [the ALJ here] to deny [Plaintiff] benefits."  Id. 6.

**B.     Analysis**

As the Commissioner suggests, much of Plaintiff's brief is merely allegations of error without citation to evidence to support the allegations.  For example, Plaintiff argues the ALJ erred in evaluating the medical opinions and prior administrative medical findings and in evaluating Plaintiff's allegations regarding his ability to sit, stand, and walk and chose to cherry pick the parts of the opinions and allegations which lead to finding Plaintiff not disabled.  But he does not demonstrate the error in the ALJ's

evaluation or cite to evidence he believes compels a different finding and explain the basis for determining that finding is compelled by the evidence.

Plaintiff reveals confusion about the standard applicable in judicial review of a decision of the Social Security Commissioner. Several times he argues the ALJ didn't make his decision based on the preponderance of the evidence. (Pl. Br. 1, 2, 7, 8, 10). The preponderance of the evidence does not enter consideration in judicial review of Social Security decisions. To be sure Plaintiff has the burden of proof through step four of the sequential evaluation process and that includes the burden to prove his RFC limitations which are assessed between steps three and four. 20 C.F.R. § 416.920(e); see also, Blea, 466 F.3d at 907; accord, Dikeman, 245 F.3d at 1184; Williams, 844 F.2d at 751 n.2. At step five the burden shifts to the Commissioner to demonstrate that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d at 1088. However, the question for the court at each step in the sequential evaluation process is whether substantial evidence, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," supports the Commissioner's decision. Perales, 402 U.S. at 401; see also, Wall, 561 F.3d at 1052; Gossett, 862 F.2d at 804.

Plaintiff argues, "The record supports Plaintiff cannot stand 'or' walk for two hours in an eight-hour day" (Pl. Br. 11) (without citation to record evidence), (underline added) and "The record also supports Plaintiff requires being able to sit with his legs raised and to lay [sic] down during an eight-hour period." Id. 12 (without citation to record evidence) (underline added). While the record may support Plaintiff's assertions,

9

that fact is irrelevant if substantial evidence supports the limitations assessed by the ALJ. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

Plaintiff notes the Supreme Court abrogated Chevron deference in 2024 and argues the Social Security regulations in Title XVI conflict with the intent of congress in the Social Security Act and this case should be remanded. However, Plaintiff does not cite to any conflicting provisions between the Act and the regulations.

In these matters, Plaintiff has not presented adequate argumentation, and they have been, therefore, waived. Wall, 561 F.3d at 1066 (issue presented without developed argumentation is waived); Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived) (citing Sports Racing Servs., Inc. v. Sports Car Club of America, Inc. 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims never developed, with virtually no argument presented).

However, Plaintiff has, barely, adequately developed one allegation of error in his Brief. He argues that two of the representative jobs suggested by the VE and relied upon by the ALJ—document preparer, and addressor—are obsolete or antiquated and do not exist in significant numbers in the national economy. (Pl. Br. 13) (citing Cunningham v. Astrue, 360 F. App'x 606, 615 (6th Cir. 2010); Czosnowski v. Comm'r Soc. Sec. No.

10

RDB- -13-1467, 2014 (without further identification); and Catherine G. v. Comm'r of Soc. Sec., No. 3:20-;cv-05741-BAT, 2021 WL (without further identification)). He argues the ALJ erred in relying on such jobs. In his Reply Brief, Plaintiff asserts the two occupations at issue are among 13 occupations identified in the agency's June 24, 2024 press release and require "additional evidence in support of a 'not disabled' finding [and] which '… must include or summarize the Vocational Specialist or Vocational Expert's evidence that supports such a conclusion.'" (Reply 5-6) (quoting without citation). Plaintiff argues the VE here "did not produce additional evidence to supported [sic] the use of the obsolete jobs used by [the ALJ here] to deny [Plaintiff] benefits." Id. 6.

The court finds no error here. The cases cited by Plaintiff do not require a different result. First, none of the cases cited are binding on this court. Moreover, the court does not find them persuasive in the circumstances of this case. In Cunningham, the court remanded for the Commissioner to consider whether the document preparer Job Description from the Description of Occupational Titles (DOT) was "reliable in light of the economy as it existed at the time of the hearing before the ALJ." 360 F. App'x at 616. Here however, the VE testified at the hearing that "the document preparer and addresser tools have changed and become more modernized, [but that] the processes are still the same in those occupations" and that the available job numbers she testified to for those occupations reflected the jobs available with those modernized tools. (R. 54). She also testified that she "could come up with quite a few more" occupations available to an individual with the limitations in the hypothetical question provided by the ALJ. Id. In his decision the ALJ accepted the testimony, noting the VE "testified that while the tools

11

to perform these jobs as [sic] have become more modernized, the process has not changed, and she further stated that she adjusted the available job numbers to reflect these changes." (R. 30-31). Thus, the ALJ in this case has already made precisely the consideration the Cunningham court remanded to be made.

The court has identified the district court cases of Czosnowski v. Comm'r, Civ. No. RDB-13-1467, 2014 WL 1660083 (D. Md. April 23, 2014); and Catherine G. v. Comm'r, Case No. 20-0547-BAT, 2021 WL 1541178 (W.D. Wash. April 20, 2021) and in the face of the VE testimony in this case finds neither opinion persuasive.

Plaintiff's appeal to the Commissioner's June 24, 2024, press release is likewise unavailing here. First, and most importantly, the changes announced in the press release were not applicable when the decision at issue was made on January 19, 2024. The press release announced certain changes to the agency's procedures regarding 127 DOT occupations which, according to Plaintiff, include the two occupations at issue here. And in that press release, the agency noted that it had "published new public guidance and instructions about these changes" on June 22, 2024 and that it "anticipates that, as a result, it will only consider the most relevant occupations when determining if someone applying for disability benefits could perform other types of work." Press Release (underline added) (available online at Press Release | Press Office | SSA, last visited April 28, 2025). Moreover, even assuming Plaintiff is correct that the 13 DOT occupations[3] requiring additional evidence include the occupations of addressor and

---

[3] The link on the press release web page for the 13 DOT occupations has been broken and Plaintiff does not cite to agency sources to verify the information.

document preparer at issue here, considering the testimony of the VE discussed above and the ALJ's specific reliance on that testimony, the court would likely find the Commissioner complied with the evidentiary requirements.

Plaintiff has shown no error in the ALJ's decision.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated April 29, 2025, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**
